**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Jessica Bennett,<br><br>Plaintiff,<br><br>vs.<br><br>Bella Casa Homeowners Association, Inc.; Schwartz Vays Law Firm, P.A.; William F. Childers, Jr.,<br><br>Defendant. | ) | Civil Action No. 7:25-cv-13145-TMC<br><br>**ORDER** |

Plaintiff Jessica Bennet, proceeding *pro se* and *in forma pauperis*, filed this action against Defendants, alleging that a lien was recorded against Plaintiff's property for unpaid homeowners' assessments in violation of the Federal Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692 *et seq*., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., and state law. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

Now before the court is the magistrate judge's report and recommendation ("Report"), recommending dismissal of this action with prejudice, without leave to amend, and without issuance and service of process. (ECF No. 30 at 11). The magistrate judge reviewed Plaintiff's action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which permits a district court to dismiss such an action if the court is satisfied the complaint "fails to state a claim on which relief may be granted", or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). The magistrate judge first concluded that the application of *Younger*[1] abstention is appropriate in light of a related

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

state court foreclosure proceeding regarding the same property. (ECF No. 30 at 4–5). *See* Spartanburg County Public Index, https://publicindex.sccourts.org/spartanburg/publicindex/, (last visited November 3, 2026) ("Public Index").[2] The state foreclosure action was filed in December 2025, while this action was filed in October 2025.

The magistrate judge further concluded that, even if the court declines to abstain under *Younger*, the action should be dismissed for failure to state a claim. As to Plaintiff's claims under the FDCPA, the magistrate judge determined that Defendants Bella Casa Homeowners Association, Inc. ("Bella Casa") and William F. Childers, Jr—an agent for Bella Casa—"should be dismissed because Bella Casa and its agents are not debt collectors under the FDCPA, because Bella Casa is the original lienholder." *Id*. at 6. As to Defendant Schwartz Vays Law Firm, P.A, the Report found that the documents attached to the complaint itself reflect that Plaintiff was afforded proper validation of the debt in question and, therefore, that Plaintiff's validation claim under the FDCPA failed. *Id*. at 6–7.

With respect to Plaintiff's FCRA claims, the complaint alleges Defendants furnished inaccurate information to third parties without reasonable investigation in violation of 15 U.S.C. § 1681s-2(b). (ECF No. 1 at 5). The magistrate judge recognized that, although "[t]he plaintiff can bring a private cause of action under § 1681s-2(b)," any "duties under that section only apply after notice to the furnisher from a credit reporting agency – not after notice by the consumer [to the furnisher] of alleged incorrect information." (ECF No. 30 at 8). Because the complaint does not allege "that the defendants were put on notice from any of the credit agencies that there was a

[2] *Phillips v. Pitt Cnty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

dispute regarding information on her credit report," the magistrate judge determined this claim is subject to dismissal. *Id*. at 8–9.

Finally, as to the state law claims, the magistrate judge recommended that if the court dismisses Plaintiff's federal claims, it should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's remaining state law claims. *Id*. at 10–11.

Plaintiff filed objections to the Report, (ECF No. 32), and this matter is ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report ***to which a specific objection*** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop.*

*Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

**DISCUSSION**

In her objections, Plaintiff contends that *Younger* abstention should not apply because this action was commenced in federal court prior to the related foreclosure action in state court. She also argues that her federal FDCPA and FCRA claims in this case are independent of and not related to the state foreclosure action. (ECF No. 32 1–2). The court notes that the state court recently granted Plaintiff's motion to stay the foreclosure action pending resolution of this action. *See* Public Index (select Actions then Master/Order/Form 4 entered October 13, 2026). Although

stayed actions still qualify as ongoing state judicial proceedings for purposes of *Younger* abstention, *McAllister v. USAA Fed. Sav. Bank*, No. 4:25-CV-03769-SAL, 2026 WL 560035, at *3 (D.S.C. Feb. 27, 2026), the state court here specifically stayed the state proceeding so that this court could resolve this case. The court finds that *Younger* abstention is not appropriate in this action.[3]

Plaintiff next objects to the magistrate judge's conclusion that she failed to state a claim under the FDCPA. (ECF No. 32 at 2). To the extent Plaintiff's objection implies that the Report erroneously concluded Defendant Schwartz Vays Law Firm, P.A. did not qualify as a "debt collector" under the FDCPA, *see id.* at 2, Plaintiff misreads the Report. The magistrate judge *expressly concluded that Defendant Schwartz Vays is a debt collector*. (ECF No. 30 at 6) ("Even though defendant Schwartz Vays Law Firm, P.A. ("Schwartz") is a debt collector under the FDCPA, the plaintiff's claim against it still fails."). As to Plaintiff's conclusory objection that Defendants failed to verify the debt in question as required by the FDCPA, she fails to address the magistrate judge's conclusion that the documentation she provided herself reflects that Defendants complied with the applicable law. The court agrees with the magistrate judge's analysis and conclusion that the documents complied with the applicable law and overrules Plaintiff's objections relating to her FDCPA claims.

Next, Plaintiff objects to the magistrate judge's conclusion that the FCRA claim should be dismissed because any duties under § 1681s-2(b) apply only "after notice to the furnisher from a credit reporting agency – not after notice by the consumer [to the furnisher] of alleged incorrect information," (ECF No. 30 at 8), and the complaint makes no such allegation. Plaintiff contends

[3] This is consistent with this court's ruling in a similar action filed by Plaintiff involving identical circumstances. *See Bennett v. PennyMac Loan Servs. et al.*, No. 7:25-cv-03558-TMC, 2026 WL 1506593, at *3 (D.S.C. May 29, 2026).

that the complaint "provides sufficient notice of inaccurate reporting and failure to correct disputed information." (ECF No. 32 at 3). This conclusory objection fails to address the deficiency identified by the magistrate judge—that the notice must come *from a credit reporting agency*. The complaint makes no such allegation. The court overrules this objection.

Plaintiff also objects to the magistrate judge's recommendation that this action be dismissed without leave to amend. (ECF No. 32 at 4). Plaintiff believes she has not been given a meaningful opportunity to amend or correct any deficiencies in this case. The court disagrees. The magistrate judge has issued three proper form orders affording Plaintiff multiple opportunities to address deficiencies in her action. (ECF Nos. 7, 15, 22). Moreover, several months before filing the instant action, Plaintiff filed a substantially similar action that was dismissed for essentially the same reasons that support the magistrate judge's recommendation of dismissal of the instant case. *See Bennett v. PennyMac Loan Servs. et al.*, No. 7:25-cv-03558-TMC, 2026 WL 1506593, at *3 (D.S.C. May 29, 2026). The court agrees that Plaintiff cannot and will not cure the deficiencies in this case. This objection is overruled.[4]

Having conducted a *de novo* review of the Report in this case, the Court agrees with the magistrate judge's analysis and finds no basis for deviating from the recommendation of the Report that Plaintiff's federal claims be dismissed with prejudice, without leave to amend, and without issuance and service of process. And, having concluded that Plaintiff's federal claims should be dismissed, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claims, which are the only claims remaining in this action.

[4] To the extent Plaintiff raises objections to the portion of the Report discussing the frivolous nature of the "sovereign citizen" theory, the court declines to address this issue because the court has dismissed all of Plaintiff's claims on other grounds.

## CONCLUSION

The court hereby **ADOPTS** the Report (ECF No. 30). This action is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Senior United States District Judge

November 4, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.